# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KARIN H. KLEIN, | Case No. 2:16-cv-02673-RFB-CWH |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security Administration, | |
| Defendant. | |

This matter was referred to the undersigned magistrate judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Klein's ("Plaintiff") application for disability insurance benefits under Title II and Title XVI of the Social Security Act. The court has reviewed Plaintiff's motion for reversal (ECF No. 11), filed February 17, 2017, the Commissioner's response and cross-motion to affirm (ECF No. 12), filed March 20, 2017, and Plaintiff's reply (ECF No. 14), filed April 4, 2017.[2]

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, and under Rule 25(d) of the Federal Rules of Civil Procedure, she has been substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. *See* Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2] The Commissioner's responsive motion was titled "Defendant's Cross-Motion to Affirm," but was listed on the docket as a "cross motion for summary judgment to affirm." Plaintiff objects to that title difference, but the court assigns no significance to the title of the responsive document, and overrules Plaintiff's objection.

**BACKGROUND**

**1. Procedural History**

On August, 30, 2012, Plaintiff applied for Child Insurance Benefits (CIB) and supplemental security income under Titles II and XVI of the Act, alleging an onset date of July 2, 2008. AR 311.[3] A hearing was held before an Administrative Law Judge ("ALJ") on February 20, 2015. AR 52-118. Plaintiff was represented by a disability representative. AR 54. On July 21, 2015, the ALJ issued a decision finding Plaintiff was not disabled. AR 21-48. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review. AR 1-7. On November 21, 2016, Plaintiff commenced this action, pro se, for judicial review under 42 U.S.C. §§ 405(g). *See* ECF No. 1.

**2. The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 25-26. The ALJ found that Plaintiff, born on June 5, 1988, had not attained the age of 22 as of July 2, 2008, the alleged onset date. AR 26. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of July 2, 2008. *Id.* At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of degenerative disc disease of the cervical and lumbar spine, chronic pain disorder, interstitial cystitis, osteopenia, and adjustment disorder. AR 27. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 28. At step four, the ALJ found that the claimant had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except she is able to only occasionally balance, stoop, kneel, crouch, crawl and climb ramps, stairs, ropes, ladders and scaffolds. AR 30. Further, the ALJ found that she is limited to only occasional exposure to extreme heat and cold, excessive vibration, hazardous machinery, unprotected heights, and operational control of moving machinery. *Id.* Finally, the ALJ found that she is limited to simple

---

[3] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 8).)

tasks typical of unskilled occupations with no production rate pace work. *Id.* At step five, the ALJ found that Plaintiff has no past relevant work, was born on June 5, 1988 and was 20 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date, has at least a high school education, and is able to communicate in English. AR 38. Considering the Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 39. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from July 2, 2008, through the date of the decision. *Id.*

## DISCUSSION

**1.    Standard of Review**

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner *de novo*. *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir.

2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**2.  Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

/ / /

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[4] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R.

---

[4] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

§ 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible

for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

To show eligibility for CIB, an unmarried child must apply on the account of an insured parent if she is his child as defined in 42 U.S.C. § 416(e) and be dependent upon the insured. 42 U.S.C. § 402(d)(1); 20 C.F.R. § 404.350(a). After the age of eighteen, the claimant may be eligible if she had a disability that began before she turned twenty-two years old. 42 U.S.C. § 402(d)(1). The period at issue is from the alleged onset date of disability to the date the claimant turned twenty-two. *Id.* Therefore, the claimant must show that she was unable to work because of a mental or physical impairment by that time to be eligible for benefits.[5] *Id.*

The rules for determining minor disability benefits require that a claimant's impairment "causes marked and severe functional limitations if it meets or medically equals the severity of a set of criteria for an impairment in the listings, or if it functionally equals the listings." 20 C.F.R. § 416.924(d). A claimant's functional limitations will be evaluated in six domains at step three. 20 C.F.R. § 416.926a(b)(1). Specifically, the ALJ considers whether the claimant is limited in: 1) acquiring and using information, 2) attending and completing tasks, 3) interacting with and relating to others, 4) moving about and manipulating objects, 5) caring for herself, and 6) health and physical well-being. *Id.* A medically determinable impairment or combination of impairments functionally equals a listed impairment if it results in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). A marked limitation exists where an impairment seriously interferes with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2).

To show eligibility for SSI, a claimant must, similarly, prove disability, though in this analysis, the ALJ continues the sequential evaluation past step three (where it stops in a CIB

---

[5] In CIB cases, at step one, an ALJ considers whether the claimant is working. 20 C.F.R. § 416.924. At step two, the ALJ considers whether the claimant has a medically determinable "severe" impairment or combination of impairments; and finally, at step three, the ALJ considers whether the claimant's impairment or combination of impairments meets, medically equals, or functionally equals the severity of an impairment in the listings. *Id.*

7

application).  At step five, the Commissioner need only show that a significant number of jobs existed in the national economy that the claimant could perform.  *See* 20 C.F.R. § 416.920(a)(4)(v), (g).

In both CIB and SSI, a claimant carries the burden of proving disability with medical evidence and retains that burden throughout the sequential evaluation analysis.  *See Burch*, 400 F.3d at 679; 20 C.F.R §§ 416.912(a) ("[a claimant] ha[s] to prove to [the Commissioner] that [she is] blind or disabled."), 416.920(a)-(f).  "At all times, the burden is on the claimant to establish her entitlement" to disability benefits.  *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999); 20 C.F.R. § 416.912(a).  If, at any step in the sequential analysis, the ALJ can make a determinative finding, the analysis ends.  20 C.F.R. § 416.920(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step.").

### **3.** **Analysis**

Plaintiff moves to remand this matter because she met Social Security listing of impairments, the RFC assigned by the ALJ was not supported by substantial evidence, and the VE testified that if the Plaintiff was absent from work more than four days per month, no work would be available in the national economy.

#### **a. Listing of impairments**.

At step three, after discussing numerous impairments, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR 28-30.  The listings are descriptions of various physical and mental illnesses and abnormalities, most of which are categorized by the body system they affect.  Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results.  The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing any gainful activity, not just "substantial gainful activity."  *See* 20 C.F.R. § 416.925(a) (1989) (purpose of listings is to describe impairments "severe enough to prevent a person from doing any gainful activity"); SSR 83-19, at 90 (listings define "medical conditions which ordinarily prevent an

individual from engaging in any gainful activity").[6] The listings were designed to operate as a presumption of disability that makes further inquiry unnecessary.

Plaintiff argues generally that the ALJ failed to consider her numerous debilitating health problems, but does not address or explain any particular characteristic of any listed impairment, and how it relates to her claim. A claimant bears the burden of proving that her impairments satisfy all the criteria of a particular listing. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.") The ALJ explained that the objective medical evidence and Plaintiff's daily activities were not consistent with claims of listing level impairments. AR 28-30. Because Plaintiff has not challenged any particular finding by the ALJ, or discussed the criteria for any particular listing, the court is unable to assess her argument, and she has failed to sustain her burden to prove that she met or equaled a listing.

### b. The ALJ's determination of the RFC

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). *See* 20 C.F.R. §§ 404.1527, 416.927; *see also Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§

---

[6] "When the Secretary developed the child-disability listings, he set their medical criteria at the same level of severity as that of the adult listings." *Sullivan v. Zebley*, 493 U.S. 521, 533 (1990).

404.1527(c)(2), 416.927(c)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. *Id.* at 830-31; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.1995).

Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. *Id*. However, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician;" such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. *Lester*, 81 F.3d at 830-31. An ALJ need not accept the opinion of any physician if it is brief, conclusory, and inadequately supported by clinical evidence. *Thomas*, 278 F.3d at 957.

Plaintiff relies extensively, if not exclusively, upon the conclusions of Dr. Flowers to argue that she is unable to engage in any substantial gainful activity, and that her RFC is less than sedentary. The Commissioner responds that the ALJ's decision was properly based on a rational interpretation of the overall record, and that Dr. Flower's opinion that Plaintiff has a "permanent disability" is a vocational opinion outside of his expertise.

Dr. Flowers's conclusion of "permanent disability" is not significant to determine Plaintiff's eligibility for disability benefits because it is not a medical opinion. *See* 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2) (medical opinions are judgments about the nature and severity of a claimant's impairments). Whether a claimant is "disabled" is an administrative determination

reserved to the Commissioner, not one to be provided by a claimant, her doctor, or any lay witness. *See* 20 C.F.R. §§ 404.1527(d)(1)-(3), 416.927(d)(1)-(3) (such opinions on issues reserved to the Commissioner are not medical opinions and the ALJ "will not give any special significance" to such a conclusion).[7]

In reaching his conclusion on Plaintiff's RFC, the ALJ analyzed the various medical impairments claimed by Plaintiff, the symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, and discussed the objective medical evidence in the record. AR 30-36. He discussed in detail the objective medical findings and opinions of Dr. Flowers as well as Dr. Bien, Dr. Vaisman, Dr. Coletti, Dr. Paglini, Dr. Araza, Dr. Brown, and Dr. Reed. AR 32-38. He concluded that Plaintiff's medically determinable impairments could cause the alleged symptoms, but did not find credible the Plaintiff's claims as to their intensity, persistence, and limiting effects. A "severe" impairment is one that significantly limits the physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." *See* SSR 85-28, 1985 WL 56856.

Plaintiff does not provide analysis of any particular disabling impairment or symptom, or make a specific assertion of error by the ALJ, but rather simply restates the diagnoses found by various medical personnel, primarily Dr. Flowers. Other than general conclusions, Plaintiff does not identify or discuss any particular medical finding or opinion by Dr. Flowers which she believes was not properly assessed by the ALJ. The ALJ properly assessed the medical opinions of Dr. Flowers because, as he discussed in detail in his decision, they were inconsistent with the record's objective evidence, as well as the doctor's own treatment notes. AR 33, 37. An ALJ may disregard the treating doctor's opinion which is inadequately supported by clinical findings. *Thomas,* 278 F.3d at 957. Only where a treating source's opinion is well supported and not inconsistent with the

---

[7] Similarly, the ALJ gave no weight to the conclusions of Dr. M. J. Brown that Plaintiff was disabled because that determination is reserved for the commissioner, and Dr. Brown provided no treatment notes and is conclusory with no medically supported explanation. AR 37.

11

other substantial evidence in the record will it be given controlling weight. SSR 96-2p. Moreover, the ALJ did not err when he gave less weight to Dr. Flower's opinion because he became a disability advocate for Plaintiff. *See Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992).

### c. The ALJ's Credibility Determination.

The ALJ provided various reasons for finding that Plaintiff was not credible. AR 27-38. He noted that the objective evidence did not support the claims, Plaintiff obtained only mostly routine and conservative treatment, Plaintiff did not always follow her doctor's orders to take prescribed medicine, her impairments were controlled with treatment, and the medical opinions did not support Plaintiff's claims of disability. AR 27-38. An ALJ need only give reasons that are properly supported by the record and sufficiently specific to ensure that the testimony was not arbitrarily discredited. *Thomas*, 278 F.3d at 958.

Plaintiff states in reply, for the first time,[8] that her failure to take (unidentified) prescribed medicine were due to her inability because of abdominal pain. Without explaining which medications, or identifying the relevant impairment, Plaintiff makes assessment by the court impossible. But the ALJ did discuss Plaintiff's routine and conservative treatment with physical therapy and medication refills, or with no prescribed medication. AR 28, 32.[9] Evidence of minimal and routine treatment is sufficient to discount testimony regarding the severity of impairments. *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007).

Plaintiff also states in reply that the ALJ mischaracterized her activities of daily living. But the ALJ found that Plaintiff could perform household chores, personal care, cook, clean, shop, interact with people, and handle a savings account. AR 29. Testimony about daily activities may be seen as inconsistent with the presence of a disabling condition. *See Curry v. Sullivan*, 925 F.2d

---

[8] Plaintiff did not challenge the ALJ's credibility determinations in her opening brief, and is therefore deemed to have waived such an error. The court nevertheless will address her reply.

[9] The commissioner outlines in detail the ALJ's discussion and findings in this regard. *See* Opp'n (ECF No. 12) at 17-19.

12

1127, 1130 (9th Cir. 1990).

Plaintiff also states in reply that the ALJ's finding that she did not follow recommended treatment, did not complete a sleep study, or that her impairments were treated successfully are misleading, but she fails to identify the misleading nature of the findings, making assessment by the court impossible.

### d. The Availability of Work in the Economy

A claimant is not "disabled" when, despite her medical impairments, she can perform work that exists in the national economy. 42 U.S.C. § 423(d)(2)(a); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). ALJs rely on VE testimony to determine individualized assessments as to the availability of jobs that a claimant can perform. Based on the testimony of the VE who considered Plaintiff's RFC, the ALJ properly found Plaintiff could perform work as a charge account clerk and order clerk. AR 39. During cross-examination at the hearing, the VE testified that work would not be available for a hypothetical person who was absent from work more than four days per month. Plaintiff argues therefore that, based upon this VE testimony, no work is available for Plaintiff. The commissioner correctly responds, however, that absence for four days per month was not a limitation which was included in Plaintiff's RFC. Accordingly, the ALJ did not err when he made his determination that, based upon Plaintiff's age, education, work experience, and RFC, work exists for her in the national economy.

### CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for reversal (ECF No. 11) be **denied**.

**IT IS FURTHER RECOMMENDED** that the Commissioner's cross-motion to affirm (ECF No. 12) be **granted.**

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may

waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 8, 2017

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**