# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KARIN H. KLEIN,<br><br>          Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>          Defendant. | Case No. 2:16-cv-02673-RFB-CWH<br><br>**ORDER ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE CARL W. HOFFMAN, JR.** |

## I. INTRODUCTION

Before the Court for consideration is the Report and Recommendation of the Honorable Carl W. Hoffman, Jr., United States Magistrate Judge, entered December 29, 2017. ECF No. 28. Plaintiff objected on January 10, 2018. ECF No. 29. Defendant responded on January 19, 2018. ECF No. 30. Plaintiff replied on January 26, 2018. ECF No. 31. For the reasons discussed below, the Report and Recommendation is adopted in full, and this matter is remanded to Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, for further administrative proceedings.

## II. BACKGROUND

On August 20, 2012, Plaintiff filed applications for disabled child's insurance benefits and supplemental security income, alleging disability beginning July 2, 2008. Plaintiff's application was denied initially and upon reconsideration. Following a hearing, Administrative Law Judge ("ALJ") Barry H. Jenkins determined that Plaintiff was not disabled as defined by the Social

Security Act. He concluded that Plaintiff had the residual functional capacity to perform sedentary work with additional limitations. Based on the vocational expert's testimony, he found that an individual with Plaintiff's residual functional capacity could perform jobs available in the national economy. Plaintiff's request for review was denied by the Appeals Counsel.

Plaintiff initiated this action on November 21, 2016 and filed a Motion for Reversal on February 17, 2017. ECF Nos. 1, 11. The Commissioner filed a Cross-Motion to Affirm on March 20, 2017. ECF No. 12. On November 8, 2017, Magistrate Judge Hoffman issued a Report and Recommendation recommending Plaintiff's Motion for Reversal be denied and that Defendant's Cross-Motion be granted. ECF No. 17.

The following day, Defendant filed a Motion to Remand. ECF No. 18. Defendant stated that, upon further review of the case, the ALJ's hearing decision was not supported by substantial evidence or free of error. Defendant stated that the ALJ may not have considered all endorsed limitations and that the ALJ did not fully explain how he reconciled conflicting medical opinions in assessing Plaintiff's residual functional capacity.

On November 14, Magistrate Judge Hoffman granted Defendant's Motion to Remand and entered judgment in favor of Plaintiff and against Defendant. ECF No. 21. Plaintiff filed a response to Defendant's Motion to Remand and moved to reopen the case. ECF Nos. 23, 25. Magistrate Judge Hoffman reopened the case on November 28, 2017 and issued a new Report and Recommendation on December 29, 2017. ECF No. 28.

The parties agree that the ALJ erred in conducting Plaintiff's disability determination. The only remaining issue is whether remand for payment of benefits, instead of remand for additional proceedings, is appropriate.

### III. LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is

required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b).

**IV. DISCUSSION**

In his Report and Recommendation, Magistrate Judge Hoffman found that Plaintiff's claim required remand to the ALJ for a renewed assessment of the Plaintiff's residual functional capacity and a determination as to whether significant jobs exist that can be performed by Plaintiff. ECF No. 28 at 2.

Plaintiff argues that a remand for additional proceedings would violate her right to due process because substantial evidence in the developed record supports a finding of disability. She argues that additional proceedings would be unnecessarily burdensome. But "the trier of fact and not the reviewing court must resolve conflicts in the evidence." Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). For this reason, even when the ALJ has erred, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (quoting I.N.S. v. Orlando Ventura, 537 U.S. 12, 16 (2002)).

This Court "can order the agency to provide the relief it denied only in the unusual case in which the underlying facts and law are such that the agency has no discretion to act in any manner other than to award or to deny benefits." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1102 n.6 (9th Cir. 2014) (citation omitted). The Court considers whether the record is fully developed, whether there are outstanding issues that must be resolved before a disability determination can be made, and whether further administration proceedings would be useful. Id. at 1101. "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." Id.

For example, in Popa v. Berryhill, the case upon which Plaintiff primarily relies, the Ninth Circuit determined that the ALJ improperly discounted the opinion of treating certified Nurse Practitioner Dr. Tanya Sorrell, Ph.D. 872 F.3d 901, 907 (9th Cir. 2017). Had the limitations noted

by Dr. Sorrell had been properly credited as required by law, the vocational expert's testimony supported a finding of disability. Id. at 908. Because there was "no need for further proceedings" under those circumstances, the Ninth Circuit remanded for an award of benefits. Id.

Here, unlike in Popa, Plaintiff does not demonstrate that further administrative proceedings are unwarranted. Plaintiff argues that the vocational expert in this case testified that if Plaintiff was absent from work four or more days per month, no work would be available in the national economy. AR 117. But Plaintiff does not identify a discredited opinion in the record which both (a) opines that Plaintiff would be absent from work more than four days per month and (b) must be fully credited as a matter of law. Rather, Plaintiff argues that her medical records holistically support an inability to work as defined by the vocational expert's testimony. Because such a conclusion requires additional findings of fact rather than mere determinations of law, remand for further administrative proceedings is appropriate.

Plaintiff also argues that both Magistrate Judge Hoffman and ALJ Jenkins have evidenced bias against Plaintiff. Rulings that do not favor Plaintiff are not evidence of judicial bias. See Liteky v. United States, 510 U.S. 540, 555 (1994). To the extent Magistrate Judge Hoffman may have initially disadvantaged Plaintiff by granting Defendant's Motion to Remand without awaiting Plaintiff's response, Magistrate Judge Hoffman resolved any prejudice by reopening the case at Plaintiff's request. The Court finds that neither Magistrate Judge Hoffman nor ALJ Jenkins have exhibited bias toward Plaintiff.

### V. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 28) is ADOPTED in full. This matter is remanded to Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, for further administrative proceedings. On remand, the Appeals Council will remand the case to an ALJ for a new decision.

///

///

///

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a final judgment in favor of Plaintiff, and against Defendant. The Clerk of Court is instructed to close the case.

**DATED** this 11th day of October, 2018.



**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**